## CHAPPELL *v.* WATERWORTH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MARYLAND.

No. 16.   Argued October 11, 1894. — Decided November 5, 1894.

Under the acts of March 3, 1887, c. 373, and August 13, 1888, c. 866, a case
(not depending on the citizenship of the parties, nor otherwise specially
provided for,) cannot be removed from a state court into the Circuit
Court of the United States, as one arising under the Constitution, laws
or treaties of the United States, unless that appears by the plaintiff's
statement of his own claim ; and, if it does not so appear, the want can-
not be supplied by any statement in the petition for removal or in the
subsequent pleadings.

An action of ejectment, brought in a state court between two citizens of the
same State, in which the declaration merely describes the land and
alleges an ouster of the plaintiff by the defendant, cannot be removed
into the Circuit Court of the United States upon the petition of the
defendant, setting forth that the United States own and hold the land
for a light-house, and have appointed him keeper thereof.

THIS was an action of ejectment, brought December 23,
1887, by Thomas C. Chappell against James M. Waterworth,
both citizens of Maryland, in the Circuit Court for the fifth
judicial circuit of the State of Maryland.

The declaration alleged that on January 1, 1878, the plaintiff
was in possession of a parcel of land, partly above and partly
below high-water mark, extending from Hawkins Point light-
house on the west side of the Patapsco River in Anne Arundel
County in the State of Maryland to the Brewerton channel in
that river, and otherwise described by metes and bounds ; and
that the defendant wrongfully entered upon said parcel of
land, and ejected the plaintiff therefrom, and ever since retained
possession thereof, and did other wrongs to the plaintiff ; and
the plaintiff claimed to recover the land, and damages to the
amount of $33,333.

In February, 1888, the case was removed into the Circuit
Court of the United States for the District of Maryland, upon
the petition of the defendant, alleging that the suit "arises
under the Constitution of the United States in the following

manner, that is to say : The title to the *locus in quo* described
in the declaration in this suit, with the right of possession, is
averred by this defendant to be now and to have been at the
commencement of said suit in the United States of America.
The said title of the United States, with the right of possession
aforesaid, is derived as follows: The *locus in quo* aforesaid is
now and ever has been submerged land situated in the Patapsco
River, in the State of Maryland, the said river being one of
the public waters and navigable rivers of the said United
States; and it is now and has been ever since in the posses-
sion of the United States, used by the United States as a site
for Hawkins Point light-house, the same being a light-house
of the United States, used as an aid to the navigation of the
said Patapsco River. The said defendant is in possession of
said site, being the land described in the said declaration, by
appointment of the proper executive authority of the United
States for and on behalf of the United States, as the keeper of
the said light-house. The said defendant, for his defence to
this action, relies upon the paramount right and title of the
United States, given and conferred by the Constitution of the
United States, to the use of the said submerged land in the said
river for the purposes of a site for said light-house, the same
being necessary and used as an aid to the navigation of the
Patapsco River, and which right and title of the United States
to the said *locus in quo* for the uses and purposes aforesaid he
will claim in his said defence is, by virtue of the said Consti-
tution and its provisions, paramount to the right or title of
the State of Maryland or the said plaintiff; and in support of
his right of possession of said *locus in quo*, as the keeper afore-
said of said light-house for and on behalf of the United States,
and in defence of the title of the United States to the same,
he relies upon article 1, section 8, of the said Constitution of
the United States, which is in the following words: ' To regu-
late commerce with foreign nations and among the several
States and with the Indian tribes.' "

In June, 1888, the defendant filed a plea, disclaiming all
title and right of possession, either in his own right or for and
in behalf of the United States, to the fast land described in

the declaration; and making, as to the submerged land on which the light-house was built, allegations substantially like those in his petition for removal, as above quoted; and further alleging that on February 20, 1877, the State of Maryland, by deed executed in conformity to law, ceded to the United States jurisdiction on the site of the light-house.

A motion to remand the case to the state court was made by the plaintiff, and denied by the court.

The plaintiff then, for replication to the defendant's plea, alleged "that when possession was taken in 1868 of the portion of submerged land described in said plea, as and for the site of Hawkins Point light station, the said land was held and owned in fee simple by a certain John M. Johnston, under a good and sufficient patent to him therefor from the State of Maryland, dated July 2, 1861; and that such possession was taken, as in said plea alleged, without any grant of any kind from said Johnston, and without any compensation being paid or tendered to him for said land or for any use of or easement in the same; and that the plaintiff, at the time of the institution of this suit and for a long time prior thereto, held and still holds the legal title to said land in fee simple as successor in title of said John M. Johnston; and that no compensation has ever been paid or tendered to him for said land or for the use thereof, or for any easement therein, nor has any deed or grant of any kind ever been made by him to any person whatsoever of said land, or of any interest, right, or easement therein."

The defendant demurred to the replication, and the plaintiff joined issue on the demurrer. The court sustained the demurrer, and, the plaintiff electing to stand upon his replication, entered judgment for the defendant.  39 Fed. Rep. 77.

The plaintiff tendered and was allowed a bill of exceptions to the denial of his motion to remand, as well as to the action of the court in sustaining the demurrer to his replication, and in rendering judgment for the defendant; and thereupon sued out this writ of error.

*Mr. W. Cabell Bruce* and *Mr. Thomas C. Chappell* for plaintiff in error.

*Mr. Solicitor General*, for defendants in error said, upon the question of jurisdiction:

If this is a suit " arising under the Constitution or laws of the United States," it might, by the express terms of § 1 of the act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433, have been brought originally in the Circuit Court of the United States, and, if so, was removable by the defendant, under § 2 of that act, from the State court into the Federal court; for, as was held in *Tennessee* v. *Union and Planters' Bank,* 152 U. S. 454, the Federal courts are given jurisdiction by removal under § 2 of all cases of which they are given original jurisdiction by § 1.

The question, therefore, is simply whether the suit is one " arising under the Constitution or laws of the United States." It is an action brought against a person who is, and at the commencement of the action was, an officer and agent of the United States, to recover from him the possession of property claimed to be owned by the United States which he holds not otherwise than as their agent and on their behalf.

That makes it, I submit, a suit which arises under the Constitution and laws of the United States. *Texas & Pacific Railway Co.* v. *Cox,* 145 U. S. 593, was a case in which the court held that a suit for damages against receivers appointed by a Circuit Court of the United States might be brought in the Federal court, although no question of a Federal nature was involved; upon the ground that the receivers, in executing their duties, were acting under the judicial authority derived from the Constitution of the United States, and that the case was therefore one arising under the Constitution. The same is true of the case at bar.

It is not a case such as was mentioned by Mr. Justice Miller in *Railroad Co.* v. *Mississippi,* 102 U. S. 135, 144, and referred to by Mr. Justice Gray in *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454, 462, where " the cause of action depended solely on the law of the State," and " the act of Congress only came in question incidentally as part, it might be

a very small part, of the defendant's plea in avoidance," nor a case such as was referred to by Mr. Justice Harlan in *Metcalf* v. *Watertown*, 128 U. S. 586, 589, and mentioned by Mr. Justice Gray in 152 U. S. 461, which the court may be called upon " to retain in order to see whether the defendant may not raise some question of a Federal nature, upon which the right of recovery will finally depend."

It is not a case against a defendant who may or may not, at his option, and as a personal privilege, set up some immunity under the Constitution or laws of the United States. It is a case in which the defendant, on the one hand, has no right, title or interest to defend, except what he holds as an officer and agent of the United States, and in which the plaintiff, on the other hand, has no right of recovery and seeks to enforce none except against the United States, who alone are in possession, (in the only way in which they can possess anything, to wit, by their agent,) and who alone deny the plaintiff's right. In other words, the plaintiff has no controversy, in fact, except with the United States. And, while the defendant, although an officer and agent of the United States, has no immunity from suit on that account, ( *United States* v. *Lee*, 106 U. S. 196,) the lawfulness of his possession as such agent and the right and title of the United States to the property are the very subject-matter, and the only subject-matter, of the inquiry in this case.

The fact that the plaintiff does not disclose in his declaration that the defendant is an officer of the United States, and that the possession which is sought to be recovered is in fact the possession of the United States, held by the defendant as their officer and agent, does not make the case any less one " arising under the Constitution and laws of the United States;" for, as was said by Chief Justice Marshall in *Osborn* v. *Bank of United States*, 9 Wheat. 738, 824, " the questions which the case involved then [*i.e.* when the action was brought] must determine its character, whether those questions be made in the cause or not."

The case of *Tennessee* v. *Bank of Commerce*, 152 U. S. 454, which was wrongly removed from the State court into

the Federal court, was an action by the State of Tennessee to recover a tax levied under the laws of that State. The defendant was at liberty, at its option, to defend against the tax upon the ground that it was in contravention of the Constitution or laws of the United States. Whether the case would ever present any question under the Constitution or laws of the United States depended altogether upon the election of the defendant to set up an immunity thereunder as its personal privilege. But at bar the action is against an officer of the United States, who has no privilege or duty except to answer that the possession which he holds, and of which the plaintiff seeks to deprive him, is the possession of the United States.

It is, in fact, a suit to recover the possession of the United States, which cannot be held otherwise than through some agent or officer. It is an action against a defendant who exercises his authority and holds his possession under the Constitution and laws of the United States, and not otherwise, and upon the principle of *Texas & Pacific Railway Co.* v. *Cox,* 145 U. S. 593, is therefore a suit "arising under the Constitution and laws of the United States," which might have been brought originally in the Circuit Court of the United States, and which was therefore properly removed by the defendant into that court.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The question presented by the pleadings, considered in the opinion below, and argued at the bar, cannot be decided upon this record, because the case was removed into the Circuit Court of the United States without authority of law. The question of removal is governed by the decision of this court at the last term in *Tennessee* v. *Bank of Commerce,* 152 U. S. 454, by which, upon full consideration, it was adjudged that under the acts of March 3, 1887, c. 373, (24 Stat. 552,) and August 13, 1888, c. 866, (25 Stat. 433,) a case (not depending on the citizenship of the parties, nor otherwise specially pro-

vided for,) cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

In the present case, the declaration is in the ordinary form of an action of ejectment between individuals, merely describing the land and alleging the ouster of the plaintiff by the defendant. It does not show that either party claims any right under the Constitution or laws of the United States, or that the government of the United States or any third party claims or asserts any title or right to the land in controversy. So far as the declaration shows, the only question in the case might be merely whether the plaintiff has any title, or whether the defendant has taken possession. There was therefore no ground for ousting the jurisdiction of the courts of the State, and removing the case into the courts of the United States for trial.

The case must be remanded to the court in which it was originally brought. If such a defence as was set up in the Circuit Court of the United States should be hereafter set up in the courts of the State, and overruled by the highest court of the State to which the case can be taken, the judgment of that court may be reviewed by this court on writ of error.

*Judgment reversed, with costs, and case remanded to the Circuit Court of the United States with directions to remand it to the Circuit Court of the fifth judicial circuit of the State of Maryland.*