155 U.S. 102
 15 S.Ct. 34
 39 L.Ed. 85
 CHAPPELL
v.
WATERWORTH.
 No. 16.
 November 5, 1894.
 
 This was an action of ejectment, brought December 23, 1887, by Thomas C. Chappell against James M. Waterworth, both citizens of Maryland, in the circuit court for the Fifth judicial circuit of the state of Maryland.
 The declaration alleged that on January 1, 1878, the plaintiff was in possession of a parcel of land, partly above and partly below high-water mark, extending from Hawkins Point lighthouse, on the west side of the Patapsco river, in Anne Arundel county, in the state of Maryland, to the Brewerton channel in that river, and otherwise described by metes and bounds; and that the defendant wrongfully entered upon said parcel of land, and ejected plaintiff therefrom, and ever since retained possession thereof, and did other wrongs to the plaintiff; and the plaintiff claimed to recover the land, and damages to the amount of $33,333.
 In February, 1888, the case was removed into the circuit court of the United States for the district of Maryland, upon the petition of the defendant, alleging that the suit 'arises under the constitution of the United States in the following manner, that is to say: The title to the locus in quo described in the declaration in this suit, with the right of possession, is averred by this defendant to be now, and to have been at the commencement of said suit, in the United States of America. The said title of the United States, with the right of possession aforesaid, is derived as follows: The locus in quo aforesaid is now, and ever has been, submerged land situated in the Patapsco river, in the state of Maryland, the said river being one of the public waters and navigable rivers of the said United States; and it is now and has been ever since in the possession of the United States, by the United States as a site for Hawkins Point lighthouse, the same being a lighthouse of the United States, used as an aid to the navigation of the said Patapsco river. The said defendant is in possession of said site, being the land described in the said declaration, by appointment of the proper executive authority of the United States for and on behalf of the United States as the keeper of the said lighthouse. The said defendant, for his defense to this action, relies upon the paramount right and title of the United States, given and conferred by the constitution of the United States, to the use of the said submerged land in the said river for the purposes of a site for said lighthouse, the same being necessary and used as an aid to the navigation of the Patapsco river, and which right and title of the United States to the said locus in quo for the uses and purposes aforesaid, he will claim in his said defense, is, by virtue of the said constitution and its provisions, paramount to the right or title of the state of Maryland or the said plaintiff; and in support of his right of possession of said locus in quo, as the keeper aforesaid of said lighthouse, for and on behalf of the United States, and in defense of the title of the United States to the same, he relies upon article 1, § 8, of the said constitution of the United States, which is in the following words: 'To regulate commerce with foreign nations and among the several states and with the Indian tribes."
 In June, 1888, the defendant filed a plea disclaiming all title and right of possession, either in his own right or for and in behalf of the United States, to the fast land described in the declaration; and making, as to the submerged land on which the Lighthouse was built, allegations substantially like those in his petition for removal, as above quoted; and further alleging that on February 20, 1877, the state of Maryland, by deed executed in conformity to law, ceded to the United States jurisdiction on the site of the lighthouse.
 A motion to remand the case to the state court was made by the plaintiff, and denied by the court.
 The plaintiff then, for replication to the defendant's plea, alleged 'that when possession was taken, in 1868, of the portion of submerged land described in said plea, as and for the site of Hawkins Point light station, the said land was held and owned in fee simple by a certain John M. Johnston, under a good and sufficient patent to him therefor from the state of Maryland, dated July 2, 1861; and that such possession was taken, as in said plea alleged, without any grant of any kind from said Johnston, and without any compensation being paid or tendered to him for said land, or for any use of or easement in the same; and that the plaintiff, at the time of the institution of this suit, and for a long time prior thereto, held, and still holds, the legal title to said land in fee simple as successor in title of said John M. Johnston; and that no compensation has ever been paid or tendered to him for said land or for the use thereof, or for any easement therein, nor has any deed or grant of any kind ever been made by him to any person whatsoever of said land, or of any interest, right, or easement therein.'
 The defendant demurred to the replication, and the plaintiff joined issue on the demurrer. The court sustained the demurrer, and, the plaintiff electing to stand upon his replication, entered judgment for the defendant 39 Fed. 77.
 The plaintiff tendered, and was allowed, a bill of exceptions to the denial of his motion to remand, as well as to the action of the court in sustaining the demurrer to his replication, and in rendering judgment for the defendant; and thereupon sued out this writ of error.
 W. Cabell Bruce and Thos. C. Chappell, for plaintiff in error.
 Sol. Gen. Maxwell, for defendant in error.
 [Argument of Counsel from pages 104-107 intentionally omitted]
 Mr. Justice GRAY, after stating the case delivered the opinion of the court.
 
 
 1
 The question presented by the pleadings considered in the opinion below, and argued at the bar cannot be decided upon this record, because the case was removed into the circuit court of the United States without authority of law. The question of removal is governed by the decision of this court at the last term in Tennessee v. Bank of Commerce, 152 U. S. 454, 14 Sup. Ct. 654, by which, upon full consideration, it was adjudged that under the acts of March 3, 1887, c. 373 (24 Stat. 552), and August 13, 1888, c. 866 (25 Stat. 433), a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.
 
 
 2
 In the present case the declaration is in the ordinary form of an action of ejectment between individuals, merely describing the land and alleging the ouster of the plaintiff by the defendant. It does not show that either party claims any right under the constitution or laws of the United States, or that the government of the United States or any third party claims or asserts any title or right to the land in controversy. So far as the declaration shows, the only question in the case might be merely whether the plaintiff has any title, or whether the defendant has taken possession. There was therefore no ground for ousting the jurisdiction of the courts of the state, and removing the case into the courts of the United States for trial.
 
 
 3
 The case must be remanded to the court in which it was originally brought. If such a defense as was set up in the circuit court of the United States should be hereafter set up in the courts of the state, and overruled by the highest court of the state to which the case can be taken, the judgment of that court may be reviewed by this court on writ of error.
 
 
 4
 Judgment reversed, with costs, and case remanded to the circuit court of the United States, with directions to remand it to the circuit court of the Fifth judicial circuit of the state of Maryland.