## PEOPLE v. SANITARY DIST. OF CHICAGO.

### (Circuit Court, N. D. Illinois, N. D.    November 11, 1899.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION.

Where it appears from the allegations of a bill that a federal question forms an ingredient in the cause, it is removable, although other questions of law and fact may also be involved.[1]

2. SAME—CONSTRUCTION OF FEDERAL STATUTES.

A bill filed by the state of Illinois in a state court against the Chicago drainage district, a corporation created by act of the legislature, to enjoin the defendant, in the prosecution of the work for which it was chartered, from reducing the level of the water in the Illinois & Michigan Canal, and alleging as grounds for such relief that by the acts of congress authorizing the state to construct the canal, and granting lands in aid thereof, the state was required to forever maintain such canal as a navigable waterway for the free passage of any property of the United States, and that under the terms of such acts the state could confer no power on the defendant to destroy the same,—shows that a federal question is involved in the suit, which renders it removable.

On Motion to Remand to State Court.

Edward C. Akin, Atty. Gen. (H. M. Snapp, of counsel), for the People.

Runnells & Burry, C. C. Gilbert, and John C. Black, for defendant.

KOHLSAAT, District Judge. The sole ground of removal alleged by the defendant is that the matter in dispute herein involves the decision of questions arising under the laws of the United States. It is settled that, in order that this case shall be removable, it must appear by the bill itself that "some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of a law of the United States, or sustained by the opposite construction" (Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388), and, if the bill does not contain any statements disclosing this situation, the want of them cannot be supplied by the allegations in the petition for removal or in subsequent pleadings. Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85. The gist of the claim of the people of the state of Illinois in the bill herein is that the right has accrued to them to have the Chicago river maintained at its present level at the point where it connects with the Illinois & Michigan Canal, or, in the alternative, that sufficient water be supplied to said canal, by such parties as may interfere with the present level of said river, to maintain the depth of water in the "summit level" of said canal at the same height that it would be maintained by the natural flow of water therein from the Chicago river at its present level; and the question to be determined on this hearing is as to whether or not antagonistic constructions of the laws of congress stated or referred to in said bill will affect the determination of the rights claimed by the people of the state of Illinois, or the relief asked for in their bill.

[1] As to jurisdiction in cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

When a federal question "forms an ingredient in the original cause," it is removable, even though other questions of fact and law may be involved in it. New Orleans, M. & J. R. Co. v. Mississippi, 102 U. S. 135, 26 L. Ed. 96; Omaha Horse Ry. Co. v. Cable Tramway Co. (C. C.) 32 Fed. 729. It is a positive allegation of the bill that in the act of congress of 1822, granting the right to the state of Illinois to construct the Illinois & Michigan Canal, it was expressly provided that "said canal, when completed, should be and forever remain a public highway for the use of the government of the United States, free from any toll or other charge." And it is a further allegation of said bill that by the terms of the grant of lands and right of way for said canal by congress it was required that the state of Illinois should "forever maintain as a navigable waterway for the free passage of any property of the United States the canal which should be constructed by said state with the aid of said lands granted," and that under the terms of said grant by congress "the state or its legislature would be prohibited from destroying the navigability of said canal or granting to any person the right to destroy the same." It will be seen from the foregoing extracts from the allegations of the bill that, while the sanitary district is a creature of the Illinois legislature, and as such, and in pursuance of the powers granted by said legislature, is proceeding to do that which the bill seeks to have enjoined, yet it may become a vital question, in determining the ultimate rights of the parties as to whether or not the alleged prohibitions in the said federal laws limit the power of the state of Illinois to grant to the sanitary district the right to interfere with the navigability of the Illinois & Michigan Canal; all the rights and powers of said sanitary district being derived by grant of the legislature of said state. See decision of circuit court of appeals in St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 167, 68 Fed. 2. I therefore hold that a federal question is shown by said bill to be involved herein, and the motion to remand is denied.