## MAYO v. DOCKERY.

### (Circuit Court, E. D. North Carolina. May 22, 1901.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—HOW SHOWN.

A cause not removable on the ground of diverse citizenship, and not otherwise specially provided for, cannot be removed under the judiciary acts of 1887 and 1888 (25 Stat. 433), as one arising under the constitution or laws of the United States, unless such fact appears by the plaintiff's own statement, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in any subsequent pleading.

2. SAME—ACTION AGAINST MARSHAL—PROCEDURE FOR REMOVAL.

A United States marshal, sued for trover in a state court by a citizen of the same state for the seizure of property under process issued by a federal district court in a private cause, cannot have such action removed into the circuit court by applying to such court for a writ of certiorari, but it can only be removed on petition filed in the state court, and upon some ground provided for by the general removal act.

At Law.

Battle & Mordecai and W. B. Rodman, for plaintiff.
C. M. Bernard, U. S. Atty., and F. H. Busbee, for defendant.

SIMONTON, Circuit Judge. This is a motion to remand the cause to the state court from which it has been removed. The plaintiff, L. R. Mayo, filed his summons against H. C. Dockery in the superior court of Beaufort county, N. C., on 15th May, 1900. The complaint was filed on the second day of the term of said court, 29th May, 1900. It alleges that on 20th April, 1900, the plaintiff was the owner of certain premises in the town of Washington, being a brick store, warehouse, and outbuildings, and of a large stock of goods, wares, and merchandise stored therein; "that on said 20th April, 1900, the defendant, by his servants, agents, and employés, unlawfully and with force broke and entered into said store and warehouse, and unlawfully took from plaintiff's possession and carried away said stock," etc., "and still unjustly detains the same from plaintiff, and prevents plaintiff from carrying on his lawful business in said store," etc., "to his damage $10,000." It prays judgment for that sum. The defendant appeared by his attorney, and was allowed 45 days within which to answer or demur. On June 6, 1900, the defendant presented his petition to the circuit court of the United States for the Eastern district of North Carolina, setting forth that this suit had been commenced against him; that he is and was for some time last past marshal of the United States for said district, and that the suit so commenced against him was on account of an act done by him under color of his office,—that is to say, under an order of the district court of the United States for his district, issued by the judge thereof, in the matter of Hoyt & Mitchell, bankrupts, commanding the seizure of the goods and property referred to in said suit. He prays that the said suit may be removed from the state court to the circuit court of the United

States, and that a writ of certiorari may issue for that purpose. Thereupon the district court entered an order that the suit of L. R. Mayo against H. C. Dockery, now commenced in the superior court of Beaufort county, be removed to the United States circuit court for the Eastern district of North Carolina, and that all proceedings therein be certified to said court. When this order was served upon the presiding judge of the superior court of Beaufort county, he directed his clerk to certify the record in the cause to the United States circuit court for the Eastern district of North Carolina. The cause, having been so certified, is now on the docket of this court, and so this motion to remand is made.

It is the duty of this court to remand a cause, if, at any time after its removal, it be made to appear that the suit does not involve a suit or controversy properly removable. Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693. In deciding upon this motion to remand, we must inquire, is this suit removable? and then, was it properly removed?

The action in the state court was between citizens of the same state. The complaint nowhere discloses the fact that the defendant is a marshal of the United States, or that the act complained of was done in his official capacity or under the color of his office. The act of 1887, corrected in 1888 (25 Stat. 433), has made an important change in the removal of causes from the state courts. Previous to that, under the act of 1875 (18 Stat. 470), if a defendant, sued in the state court, should, in his petition to that court, show that the suit involves a federal question, the case can be removed, although this fact appear for the first time, the pleadings of the plaintiff ignoring that fact. A case illustrating this is Bock v. Perkins, 139 U. S. 630, 11 Sup. Ct. 677, 35 L. Ed. 314, decided at October term, 1890. But, under the act of 1887–88, no case can be removed from the state court into this court, unless the federal question appears in the pleadings of the plaintiff. Its omission cannot be aided by the averments of the petition. This matter is fully discussed, and the change in the provisions of the act of 1875, made by the act of 1887, clearly and distinctly shown, in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511. This case was followed and affirmed in Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85, and was again confirmed and applied in Walker v. Collins, 167 U. S. 58, 17 Sup. Ct. 738, 42 L. Ed. 76. That case was an action brought in a state court against a defendant to recover damages for an alleged seizure of goods and chattels, property of the plaintiff. The defendants answered, averring that during the times mentioned in the complaint the defendant Walker was the marshal of the United States for the district of Kansas, and that the other defendants were his deputies; that the seizure complained of was made under the authority of an order of attachment issued out of the circuit court of the United States for the district of Kansas, in an action therein pending, in which Van Ingen & Co. were plaintiffs, and H. Cannon defendant; and it was averred that the goods were liable

to be seized, by virtue of said order of attachment, as the property of Cannon. The cause was then removed into the circuit court of the United States, upon petition for removal, with bond. It was heard, and judgment had by plaintiff, which was set aside by the circuit court of appeals. 1 C. C. A. 642, 50 Fed. 737. It was again heard, and judgment again had for plaintiff. This was sustained by the circuit court of appeals. 8 C. C. A. 1, 59 Fed. 70. The cause was carried to the supreme court, the judgments below were reversed, and the cause was sent back to the circuit court, with instructions to remand it to the state court as improperly removed. The rubric is: A case not depending upon the citizenship of the parties, not otherwise specially provided for, cannot be removed from a state court into the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears by the plaintiff's own statement, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in any subsequent pleadings. This case is on all fours with the case at bar, and shows that the case was not removable.

The other question, was it properly removed? is practically decided. The petitioner evidently overlooked a distinction in the acts of congress, and supposed that he came among the cases specially provided for. But he was not an officer in the revenue service of the United States, nor was he acting under the authority of such an officer. Had this been the case, he could have applied to and have had an order from the circuit court of the United States ordering the removal of the cause, and enforcing it with a certiorari. Rev. St. § 643. Nor was he acting under title 26, "The Elective Franchise," in which case he could have obtained the same relief. Nor is his claim for removal based upon prejudice or local influence, for an indispensable prerequisite to this is diversity of citizenship between the parties. If this had been fulfilled, the circuit court of the United States could have of its own will ordered the removal. His petition discloses the fact that he was acting as marshal, obeying the order of the district court. This could have raised a federal question. Bock v. Perkins, supra.

Now, the act of 1887–88 prescribes the mode in which a party sued in a state court can remove his case into the circuit court of the United States. This mode and this relief are the creation of statute, and the statute must be followed. It gives jurisdiction to the federal court, and, to be effective, all the provisions of the statute must be fulfilled. In order to obtain such a removal, the defendant must, before the time for answering expires, file his petition in the state court, and accompany it with a bond, with a certain condition. These are the terms prescribed. They were not followed in this case. So it is clear that the case was not properly removed. This court feels the full force of the argument that the marshal should be protected when he acts in obedience to the orders of the United States court. The question, however, is, can this circuit court in this proceeding protect him? Has it jurisdic-

tion? This jurisdiction must appear affirmatively in the pleadings (Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057); otherwise, the court cannot act (Mail Co. v. Flanders, 12 Wall. 130, 20 L. Ed. 249). Speaking only for the circuit court and in this proceeding, this cause is not properly here, and it is remanded to the state court.