STATE OF SOUTH CAROLINA v. VIRGINIA–CAROLINA CHEMICAL CO.
et al.

(Circuit Court D. South Carolina. July 29, 1902.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—ACTION BY STATE.
    Under the settled rule that, to render a cause removable on the ground that it involves a federal question, it must appear from the plaintiff's

---

¶ 1. Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Co., 35 C. C. A. 7.

pleading, by clear and necessary intendment, that such question is directly involved, so that the state court cannot give judgment without deciding it, an action by a state to subject a foreign corporation to penalties imposed by a state statute is not removable on such ground where neither the complaint nor the statute makes any reference to the constitution or laws of the United States, but the statute purports to have been enacted by the state in the exercise of its police powers.

On Motion to Remand to State Court.

G. Duncan Bellinger, Atty. Gen., J. N. Nathans, and J. H. Hudson, for the motion.

Mitchell & Smith, Jas. Simons, W. A. Holman, and W. C. Miller, opposed.

SIMONTON, Circuit Judge. This case comes up on a motion to remand to the state court the cause of the state of South Carolina against the Virginia-Carolina Chemical Company, a corporation of the state of Virginia, et al. The record has been filed in this court. With the record is no order of the state court removing it. But from the admissions made at the bar, and from the whole tenor of the argument, it appears that the absence of the order removing the cause was not based upon the insufficiency of the bond, but upon the legal ground that the case made by the plaintiff does not raise the federal question on which alone this court can take jurisdiction. The question involved in this discussion is grave and beset with difficulty. The state has the right to have the case brought by her tried in her own courts unless the constitution of the United States has secured to the defendant the right of protection in the federal court. Germania Ins. Co. v. Wisconsin, 119 U. S. 475, 7 Sup. Ct. 260, 30 L. Ed. 461.

The second section of the act of 1887–88 gives to a defendant sued in a state court the right to remove the cause into the circuit court of the United States when the suit is one arising under the constitution or laws of the United States, of which the circuit courts of the United States are given original jurisdiction in that act. This act gives to these circuit courts original jurisdiction "of all suits arising under the constitution or laws of the United States." The phrase "suits arising under the constitution or laws of the United States" has been construed to mean suits in which the title or right set up by the party may be defeated by one construction of the constitution of the United States, or may be sustained by the opposite construction. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388; Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1030, 30 L. Ed. 992; W. U. Tel. Co. v. Ann Arbor R. Co., 178 U. S. 243, 20 Sup. Ct. 867, 44 L. Ed. 1052.

Is this a suit arising under the constitution or laws of the United States? In deciding this question we are confined to the case as made by the plaintiff in its own pleading, and we cannot aid the decision with anything appearing in the petition of the defendant, or in any defense it may make to the action. The rule is distinctly stated in Walker v. Collins, 167 U. S. 58, 17 Sup. Ct. 738, 42 L. Ed. 76, affirming Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39

L. Ed. 85, and following Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511:

"A case not depending upon the citizenship of the parties, not otherwise specially provided for, cannot be removed from a state court to the circuit court of the United States, as one arising under the constitution, laws, or treaties of the United States, unless that appears in the plaintiff's own statement."

Upon this point there can be no controversy.

In order to reach a conclusion in this matter the court cannot take judicial cognizance of any matter of fact which would be evidence for defendant, or anticipate the defense which may be set up, nor can any matter dehors the pleading of the plaintiff be considered. In Galveston, H. & S. A. R. Co. v. Texas, 170 U. S. 226, 18 Sup. Ct. 603, 42 L. Ed. 1017, the state of Texas brought an action in one of its own courts against the railway company to recover certain tracts of land. The defendant filed its petition for removal, which was refused. The grounds are not stated. But from its defense it appears that the defendant relied upon its charter, and the laws, general and special, of the state of Texas, of which it claimed the court should take judicial cognizance. The supreme court held that, as it did not appear from the state's statement of its own case that the suit was one arising under the constitution or laws of the United States, the defendant could not be aided by the charter and laws of the state, —a defense outside of the record. In Railroad Co. v. Skottowe, 162 U. S. 495, 16 Sup. Ct. 869, 40 L. Ed. 1048, the defendant was sued as a corporation organized, existing, and doing business in Oregon. The court could not take judicial cognizance of the fact that it was incorporated under an act of congress, and so create the federal question. So in Milling Co. v. McFadden, 180 U. S. 535, 21 Sup. Ct. 488, 45 L. Ed. 656, it was conceded that the cause must be remanded unless the court would take judicial cognizance of the fact that the claim of the Mountain View Company was located on an Indian reservation restored to the public domain by an act of congress, notwithstanding that the complaint had stated no claim based on these facts. The court say the circuit court could not make plaintiff's case other than they made it by taking judicial notice of facts they did not choose to rely on in their pleadings. The averments brought no controversy in this regard into court, in respect of which resort might be had to judicial knowledge. This position is illustrated in the leading case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511. That reported case covers three cases brought by the state of Tennessee against two banks. Two of the bills were filed in the circuit court of the United States, and one bill was filed in a state court, and had been removed into the circuit court. The purpose of the suits was to enforce a statute of Tennessee taxing these banks. The bills filed originally in the circuit court of the United States sought to secure the jurisdiction by the statement that the defendants would set up an exemption granted them by the state of Tennessee, and so protect themselves under the constitutional provision against the impairment of contracts. The bill in the state court made no allusion to the constitution. The two

bills filed in the original jurisdiction were dismissed because the case made by complainant presented no federal question. The suggestion made in the bills that defendants relied upon or would raise the constitutional protection could not affect the case, because "the right of plaintiffs to sue cannot depend upon the defense which defendant may choose to set up. The right to sue is anterior to that defense, and must depend on the state of things when the action was brought." Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204. The case removed from the state court was remanded as improperly removed. The bill itself showed no federal question. That depended upon the exemption supposed to arise under the charter and the acts of the state of Tennessee, which defendant, if it intended to rely upon them, must plead, or could refrain from doing so if it chose. The court would not make a defense for it. The rule is clearly stated in Powell v. Brunswick Co., 150 U. S. 433, 14 Sup. Ct. 166, 37 L. Ed. 1134:

"If it appear from the record, by clear and necessary intendment, that the federal question must have been directly involved, so that the state court could not have given judgment without deciding it, that will be sufficient. But resort cannot be had to the expedient of importing into the record the legislation of the state, as judicially known to its courts, and holding the validity of such legislation to have been drawn in question, and a decision necessarily rendered thereon in arriving at its conclusion upon matters actually presented and considered."

Here, then, we have the key to the case before us,—the point upon which it must be decided. Does it appear from the complaint of the plaintiff, by clear and necessary intendment, that the federal question must have been directly involved, so that the state court could not have given judgment without deciding it, or, using the definition fixed by the cases of the phrase "the federal question," does it appear from the complaint of the plaintiff, looking to it only, and without considering any defense to be made to it, that by clear and necessary intendment some right or title is set up which may be defeated by one construction of the constitution of the United States, or may be sustained by another?

This leads necessarily to a consideration of the complaint. This complaint, after stating that the Virginia-Carolina Chemical Company, a corporation of the state of Virginia, duly authorized to do business in South Carolina, had purchased outright or had secured control of several corporations of the state of South Carolina engaged in the manufacture of commercial fertilizers, with the purpose and intent of securing a monopoly in the manufacture and sale of such fertilizers, charged that it in so doing had violated a statute of the state of South Carolina passed to prohibit trusts and combinations and to provide penalties, and sought to subject the defendant to the penalties prescribed in that act. The words of the statute (22 St. at Large, p. 782), upon which alone the plaintiff bases its cause of action, are as follows:

"Be it enacted by the General Assembly of the state of South Carolina, that from and after the passage of this act all arrangements, contracts, agreements, trusts or combinations between two or more persons as individuals, firms or corporations, made with a view to lessen or which tends to lessen full and free competition in the importation or sale of articles imported into this state or in the manufacture or sale of articles of domestic

growth or of domestic raw material, and all arrangements, contracts, agreements, trusts or combinations between persons or corporations designed, or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such product .or article, and all arrangements. contracts, trusts, syndicates, associations or combinations between two or more persons as individuals, firms, corporations, syndicates or associations that may lessen or affect in any manner the full and free competition in any tariff rates, tolls, premiums or prices or seeks to control in any way or manner such tariffs, rates, tolls, premiums or prices in any branch of trade. business or commerce, are hereby declared to be against public policy, un-lawful and void."

It will be noted that this statute makes no mention of the constitution or of any law of the United States, and claims no right, title, privilege, or immunity from either source.   In this respect it resembles the complaint in Postal Tel. Cable Co. v. Alabama, 155 U. S. 487, 15 Sup. Ct. 192, 39 L. Ed. 231, and in Arkansas v. Kansas & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144, in both of which cases this was held requisite to make the federal question.   On the contrary, the statute declares the public policy of the state, and thereby professes to act under the police power.   It must also be noted that, in order to apply the test of the constitution to this act of the state of South Carolina, the court must in some way consider the defense.   It must assume that that will be the issue in the case.   But the right of the plaintiff to sue cannot depend upon the defense which the defendant may set up.   Osborn v. Bank, supra.   Nor can it be assumed that this will be the defense.   The complaint sets up matters of fact, upon which is charged the breach of the statute.   May not these matters of fact be traversed or confessed and avoided?   Does it appear from the complaint, by clear and necessary intendment, that the federal question is directly involved, so that the state court could not have given judgment without deciding it?   Powell v. Brunswick Co., supra. Even if it had been suggested in the complaint that the defendant could, might, or would raise this question, this would not have made it a suit arising under the constitution of the United States.   Tennessee v. Union & Planters' Bank, supra.   Still less when, as in this case, the suggestion comes from the defendant.

It is true that the court must take judicial cognizance of the constitution of the United States.   This judicial notice belongs to the law of evidence.   It is part of the proof of an issue (Andrews, Am. Law, p. 1138, § 667), and presupposes an issue.   As to it the principle applies "that the right of a court to act upon what is in point of fact known to it must be subordinate to these requirements of form and orderly communication which regulate the mode of bringing controversies into court, and of stating and conducting them."   Thayer, on Evidence, quoted with approval in Arkansas v. Kansas & T. Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144.

I confess to great difficulty and doubt on this case.   Under these circumstances I feel constrained to adopt the dictum of the Chief Justice in this Arkansas case:

"Even assuming that the complaint showed upon its face that the relief sought would be inconsistent with the power to regulate commerce, or with regulations established by congress, or with the fourteenth amendment, as

contended, it would only demonstrate that the suit cannot be maintained at all, and not that the cause of action arose under the constitution or laws of the United States."

I am the more inclined to the course suggested because, notwithstanding that an order to remand is not reviewable anywhere, still the defendant is not thereby precluded from making the federal question in the state court, and from obtaining a review of the decision of that court in the supreme court. Houston & T. C. R. Co. v. Texas, 177 U. S. 78, 20 Sup. Ct. 545, 44 L. Ed. 673; Tennessee v. Union & Planters' Bank, supra; Chappell v. Waterworth, 155 U. S. 103, 15 Sup. Ct. 34, 39 L. Ed. 85; Arkansas v. Kansas & T. Coal Co., supra; Railroad Co. v. Fitzgerald, 160 U. S. 583, 16 Sup. Ct. 389, 40 L. Ed. 536.

Let an order be taken remanding the cause to the state court.