MITCHELL ENGINEERING & MACHINERY CO. v. WORTHINGTON et al.

(Circuit Court, D. Montana. November 13, 1905.)

No. 286.

REMOVAL OF CAUSES—FEDERAL QUESTION—HOW PRESENTED.

Under the removal statute (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), a cause not removable on the ground of diversity of citizenship, or otherwise provided for, cannot be removed as one arising under the Constitution or a law or treaty of the United States, unless such fact appears from plaintiff's statement of his claim, and if it does not so appear the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings.

[Ed. Note.—Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

On Motion to Remand to State Court.

James E. Murray and McBride & McBride, for plaintiff.
John A. Shelton, for defendants Lloyd and Sanders.

HUNT, District Judge. Plaintiffs brought this action in the district court of the state of Montana, in and for Silver Bow county, to recover damages against the defendants for the alleged unlawful and malicious taking from plaintiffs' possession of a quantity of furniture and machinery alleged to belong to it. Defendant corporation has not been

served. The defendants Lloyd and Sanders were served with summons, and appeared by demurrer and motion to strike out certain portions of plaintiff's complaint. They also filed a petition for removal of the cause from the said district court of the state to the Circuit Court of the United States. The petition was accompanied by the usual bond.

The grounds relied upon by petitioners for removal, as disclosed by their petition, were that at the time of the taking of the property petitioner Lloyd was United States marshal for the District of Montana, and that petitioner Sanders was a deputy marshal, and that the alleged unlawful taking was done under and by virtue of a writ of attachment issued out of the Circuit Court of the United States for the District of Montana, in an action brought by defendant herein, H. R. Worthington, as plaintiff, against Frank S. Mitchell, as sole surviving member of the firm of Mitchell & Turner, defendant, and that all of the acts of petitioners had in the premises were had and done under and by virtue of the authority of the process issued out of the said United States Circuit Court, wherefore petitioners averred that the case is one arising under the laws of the United States. To the petition are attached copies of the process in attachment, regular in form, issued out of the Circuit Court of the United States. The cause was thereupon ordered removed by the district court of the state to the Circuit Court of the United States.

Plaintiff now moves this court to remand the cause to the district court of the state in and for Silver Bow county, for the reason that it has been improperly removed, the particular grounds being that it does not appear from plaintiff's complaint that any federal question is involved, or that the case is one arising under a treaty or the laws of the United States, and that it does appear that the state court has jurisdiction. It is necessary, therefore, to decide whether or not it has been made to appear that the suit involves a suit or controversy properly removable. The complaint is the ordinary action for damages for alleged wrongful taking of personal property. It nowhere alleges that the defendants Lloyd and Sanders were officers of the United States, or that they acted in taking the property as such officers, or under color of office in any respect.

Defendants rely upon the case of Bock v. Perkins, 139 U. S. 630, 11 Sup. Ct. 677, 35 L. Ed. 314. It was there held that under the act of March 3, 1875 (18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 509]), if a defendant, who was sued in a state court, showed, in his petition to such court praying for removal, that the suit involved a federal question, the case could be removed, notwithstanding the fact that such disclosure was first made in the petition, although it was ignored in the complaint. But the revised act of August 13, 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), made a significant change in the matter of the removal of causes from state to federal courts, by providing that no case can be removed from a state court into a Circuit Court of the United States, unless a federal question is apparent in plaintiff's complaint or bill. The omissions of the pleading cannot be supplied by the allegations of a petition for removal. I so understand the reasoning of the court in Tennessee v. Union & Planters' Bank, 152 U.

S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, where Justice Gray, discussing the effect of the acts of 1887 and 1888, expressly stated that no statement in the petition for removal, or in the demurrer, could supply the want of mention in the complainant's bill of the Constitution or laws of the United States. Justices Harlan and Field dissented, being of the opinion that under the judiciary acts of 1875 and 1887 it was not intended by Congress to deny to a defendant the right of removal where the suit, by reason of the nature of the defense, was one arising under the laws of the United States, while allowing the plaintiff, whose complaint made a suit of that kind, to invoke the original jurisdiction of the Circuit Court. As peculiarly pertinent to the case now under consideration; Justice Harlan, commenting upon the opinion and decision of the majority, said:

"One effect of the present decision is, except in the cases mentioned in the sections of the Revised Statutes and in the acts of Congress referred to in the fifth section of the act of 1887, to prevent an officer of the United States, when sued in a state court, on account of some act done by him, from removing the suit into the federal court, although what he did is alleged to have been done in execution of some act of Congress, or pursuant to an order of a court of the United States."

Shortly after the decision in Tennessee v. Union & Planters' Bank, supra, the Supreme Court again considered the question in Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85. Justice Gray once more spoke for the court. The action there was in ejectment, brought in a state court in Maryland. Plaintiff and defendant were citizens of Maryland. Defendant petitioned for removal upon the ground, in effect, that the land described in the complaint was the property of the United States, and in its possession and use as a lighthouse, of which defendant was keeper under appointment and authority of the United States. The cause was removed to the Circuit Court of the United States, where plaintiff moved to remand to the state court, but the motion was denied. The Supreme Court held that the case was removed to the federal court without authority of law, citing Tennessee v. Bank, supra, as deciding that under the acts of March 3, 1887, and August 13, 1888, a case not depending upon the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and that if it does not so appear the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings. The case was accordingly remanded to the state court.

Three years thereafter, in 1897, the court, in Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76, affirmed the rule announced in the cases last cited. Walker v. Collins is very close to the case at bar. Collins sued in the state courts of Kansas to recover damages from Walker and others, for the alleged unlawful seizure of goods, the property of plaintiff. Defendants, by answer, averred that during the times mentioned in the complaint defendant Walker was United States marshal for the District of Kansas, and the other defendants were his deputies, and that the seizure was made under the authority of an order of

attachment issued out of the United States Circuit Court for the District of Kansas, in an action therein pending. Thereafter defendants applied for the removal of the cause into the Circuit Court of the United States, upon the ground that the action and defense thereto arose under the laws of the United States. The state court first denied the application, but reconsidered its action and made an order of removal. After removal, plaintiff moved to remand the case to the state court. No order of remand was made. Plaintiff recovered, and on appeal the Circuit Court of Appeals affirmed the judgment. A writ of error was allowed, and the cause was taken to the Supreme Court, where the only question considered was that of jurisdiction presented by the removal of the cause from the state court. The objection to jurisdiction was sustained upon the authority of Chappell v. Waterworth, already cited, and as in the complaint there were no facts averred showing that the controversy was one arising under the laws of the United States, and as it was not essential to the statement of the cause of action that such facts should be averred, the case was held to be directly within the operation of the rule that the cause could not be removed from the state to the federal court. This rule was also adhered to in Galveston Railway v. Texas, 170 U. S. 235, 18 Sup. Ct. 603, 42 L. Ed. 1017. See, also, B. & M. C. & S. Co. v. M. O. P. Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626.

In Aultman & Taylor Co. v. Brumfield, Treasurer (C. C.) 102 Fed. 7, it was also held that, although the decision of a case pending in a state court may depend upon the construction and application of the Constitution of the United States, the suit is not removable by the defendant, unless the federal question appears on the face of the plaintiff's pleadings. If it does not so appear from the plaintiff's statement of his own claim, the want cannot be supplied by any pleadings filed by the defendant.

Mayo v. Dockery (C. C.) 108 Fed. 897, was another case like that at bar. Action was brought in the state court of North Carolina for damages for the alleged unlawful seizure of certain personal property. Defendant presented his petition for removal to the United States Circuit Court, setting forth that he was United States marshal, and that the suit commenced against him was on account of acts done by him under color of his office; that is, by an order issued out of the United States District Court in a certain bankruptcy matter, commanding the seizure of the goods referred to in the suit. An order of removal was made, and thereafter plaintiff made a motion to remand. Judge Simonton remanded the case, for the reason that it was not one that was removable from the state court.

From these adjudged cases, the law is clear that for the lack of jurisdiction in this court the cause must be remanded to the state court, whence it was removed. Defendants may there, by their pleadings, raise the federal question they would by their petition for removal, and if the right so set up under the laws of the United States is denied to them by the highest court of the state their remedy is by writ of error from the Supreme Court of the United States, reviewing the decision

of the state court upon the federal question involved. Chappell v. Waterworth, supra.

The motion is granted, and the cause is remanded to the district court of the Second judicial district of the state of Montana, in and for the county of Silver Bow.