BUNDICK et al. v. NEW YORK, P. & N. R. CO.

(District Court, E. D. Virginia. December 24, 1926.)

Removal of causes ⊕25(1)—To authorize removal on the ground that the cause arose under laws of United States, that fact must appear from plaintiff's pleading.

A cause is not removable as one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's own statement of his claim, and if it does not so appear the want cannot be supplied by any statement in the petition for removal or subsequent pleadings.

At Law. Action by G. H. Bundick and others against the New York, Philadelphia & Norfolk Railroad Company. On motion to remand to state court. Granted.

Turlington & Doughty, of Accomac, Va., and James E. Heath, of Norfolk, Va., for plaintiffs.

George R. Allen, of Philadelphia, Pa., and Willcox, Cooke & Willcox and H. H. Rumble, all of Norfolk, Va., for defendant.

GRONER, District Judge. The above-named plaintiffs, who are citizens of Virginia, instituted an action at law in the circuit court for Accomac county, Va., against the New York, Philadelphia & Norfolk Railroad Company, a Virginia corporation, returnable to the first July rules, 1925, of that court. In due time the defendant filed in said court a petition for removal, alleging that the matter in dispute exceeded $3,000 and arose under a law of the United States. With the petition was filed, as an exhibit, a copy of the record in the suit of East Coast Potato Distributors against the same defendant, recently pending in the Circuit Court of Appeals of this circuit, and, in addition, five affidavits. The purpose of the exhibit and affidavits was to show that the plaintiffs in their declaration had purposely avoided giving the full, true, and correct facts in connection with the transactions out of which the action grew, and had deliberately and purposely failed to state that the railroad cars requested, but not furnished within a reasonable time, were intended for shipment in interstate commerce, and failed to give the destination of the intended shipments, and had generally, in framing their declaration, endeavored to allege a cause of action other than in interstate commerce, for the sole purpose of wrongfully attempting to avoid the removal of the case to the federal court.

The petition also set out what are claimed to be the true facts in connection with the situation, viz.: That the action was in all respects similar to that of the East Coast Potato Distributors against this defendant, above mentioned, and that because in that case the motion to remand was unsuccessful, and the verdict and judgment were against the plaintiffs, the declaration in this case had been written so as to eliminate those allegations relating to interstate commerce, with the fraudulent design and intent mentioned above, and for the express purpose of enabling the plaintiffs to obtain from jurors drawn from a rural community a verdict different from that obtained in the action of East Coast Potato Distributors.

Admittedly the cause of action shown by plaintiffs' pleadings does not present a case arising under the laws of the United States. The declaration sets out that the defendant owned and operated as a common carrier a railroad between Cape Charles, in the county of Northampton, to and beyond Mekamie Park, in the county of Accomac, state of Virginia; that the plaintiffs were engaged in growing, buying, and selling Irish potatoes at Mekamie Park; that they had on hand and ready for shipment on certain dates mentioned various quantities of Irish potatoes, and on said dates requested defendant to furnish them cars; that defendant, in the exercise of reasonable care, should have furnished the cars, but, in disregard of its duty, failed to do so, as a result of which they had left on their hands various quantities of potatoes, which they were thereby unable to sell; that the custom of the plaintiffs was to sell their potatoes f. o. b. cars, Mekamie Park, and that by reason of the breach of duty on the part of defendant in failing to furnish them cars, they were unable to obtain the prices, f. o. b. cars at Mekamie Park, prevailing at the time the cars were demanded, and were compelled to sell their potatoes, f. o. b. cars, at prices prevailing when the cars were furnished at a later date, and as a result sustained a loss of $50,000.

It will, of course, be seen that the question to be determined is whether a case involving a jurisdictional matter may be removed from a state court into a District Court of the United States, as one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim, and, if it does not so appear, whether this may be supplied by the petition for removal, coupled with an allegation of fraud upon the federal court's jurisdiction.

There has been no traverse of the facts stated in the petition for removal, or in the affidavits filed in support thereof. These facts may therefore, if they may be considered at all, be taken as true, and likewise, for the purposes of the motion, it may be assumed that the pleadings of the plaintiff were purposely drawn in the way in which they were, with the design and purpose of defeating removal to the federal court. Under such circumstances, ordinarily, it would seem that the language used by the Circuit Court of Appeals, Eighth Circuit, in Boatmen's Bank v. Fritzlen, 135 F. 650, 657, would be applicable. There the court said:

"Justice is proverbially blind, but a court cannot, and ought not to, fail to see the patent facts which a record discloses, or to perceive the unavoidable deduction it compels; and, where the only rational inference from the pleadings and the record is that an improper party or a sham cause of action has been injected into a suit, for the sole purpose of defeating the jurisdiction of the federal court over the real controversy, pleading and evidence to that effect aliunde are neither indispensable nor necessary, and the Constitution and the acts of Congress vest in the court the power, and impose upon it the duty, to find from the record alone the attempted fraud, and to prevent its perpetration."

The Supreme Court has applied this rule in a large number of cases of attempted removal on account of diversity of citizenship, or because of the misjoinder of parties, and has held in such cases that the allegations of the declaration are not conclusive, but that the petition and proof in support thereof may be examined and considered in determining the actual state of the controversy between the parties. See Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S Ct. 264, 42 L. Ed. 673, and cases cited; Wecker v. National Enameling Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. It has also been held by the Supreme Court that a case begun in a state court may be removed to the federal court, where the complaint alleged the defendant to be a private corporation under the laws of a state, when as a matter of fact it was a corporation created by act of Congress, and that the fact in such case might be shown by petition. Texas & Pacific Railway Co. v. Cody, 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132. But no case has been cited, and

I assume none can be cited, in which the Supreme Court has held that, in the case of removal on the ground that the controversy involves a law of the United States, this fact may be shown by the petition for removal, or, apparently, that in such a case anything else than the plaintiff's own statement of his case may be considered.

In the case of Chappell v. Waterworth, 155 U. S. 102, 15 S. Ct. 34, 39 L. Ed. 85, an action of ejectment was brought in a state court to recover possession of a parcel of land, and was removed into the federal court on the ground that the defendant was in possession of the land by appointment of the proper executive power of the United States, for and on behalf of the United States as the keeper of a lighthouse, over which land the United States had complete and exclusive jurisdiction by an act of the Legislature of the state in which the land lay. The ground of the removal was that the suit arose under the Constitution and laws of the United States, under the authority of Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829. The Supreme Court, however, speaking through Mr. Justice Gray, dismissed the appeal on the ground that the case had been improperly removed into the federal court. He said:

"In the present case, the declaration is in the ordinary form of an action of ejectment between individuals, merely describing the land and alleging the ouster of the plaintiff by the defendant. It does not show that either party claims any right under the Constitution or laws of the United States, or that the government of the United States or any third party claims or asserts any title or right to the land in controversy. So far as the declaration shows, the only question in the case might be merely whether the plaintiff has any title, or whether the defendant has taken possession. There was therefore no ground for ousting the jurisdiction of the courts of the state, and removing the case into the courts of the United States for trial."

Again, in Walker v. Collins, 167 U. S. 57, 17 S. Ct. 738, 42 L. Ed. 76; Chappell v. Waterworth was cited with approval. The Walker Case was an action commenced in the state court to recover damages from the defendant for the alleged unlawful seizure of goods and chattels, the property of the plaintiff. The defendant made application for the removal of the cause upon the ground that the action and the defense thereto arose under the laws of the United States, because at the time mentioned in the complaint the defendant was the marshal of the United States for the District of Kansas, and other defendants in the case were his deputies, and that the seizure complained of grew out of an order of attachment of the Circuit Court of the United States for that district. The case was removed into the federal court, and a judgment recovered by the plaintiff was reversed by the Circuit Court of Appeals. Upon a second trial the plaintiff again recovered a judgment, which was affirmed by the appellate court. A writ of error was allowed, and the case was brought to the Supreme Court. Mr. Justice White, speaking for the court, said:

"Various specifications of error are assigned in this court. We need, however, only consider the first specification discussed in the brief of counsel for the plaintiff in error, to wit, that the Circuit Court and Circuit Court of Appeals were without jurisdiction over the controversy, and the judgments rendered were erroneous, by reason of the fact that the cause was improperly removed from the state court. This objection must be sustained upon the authority of Chappell v. Waterworth, 155 U. S. 102 [15 S. Ct. 34, 39 L. Ed. 85]. That was an action of ejectment brought in a state court, both plaintiff and defendant being residents of the same state, the declaration merely describing the land and alleging an ouster of the plaintiff by the defendant. The cause was removed into a Circuit Court of the United States upon the petition of the defendant setting forth that the United States owned and held the land for a lighthouse, and that the defendant was holding possession as the keeper thereof under the authority of the United States. This court declined to consider the question presented by the record and argued at the bar, because the cause was removed into the Circuit Court of the United States without authority of law, holding that under the Acts of March 3, 1887, c. 373, and August 13, 1888, c. 866, a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings."

There can be no doubt that the case from which the quotation just above made was taken was a case arising under the laws of

the United States (Sonnentheil v. Moerlein Brewing Co., 172 U. S. 401, 19 S. Ct. 233, 43 L. Ed. 492), and it is equally true that this fact, of course, abundantly appeared in the proceedings resulting in the two judgments. Nor is it going too far to say that the omission was doubtless purposely made.

That the Supreme Court has no purpose to modify the rule seems to me to be shown in the cases which have followed. Thus, in Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870, Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511, is referred to with approval, and it is stated:

"These cases establish, beyond further question in this court, the rule that, under existing statutes regulating the jurisdiction of the courts of the United States, a case cannot be removed from a state court, as one arising under the Constitution or laws of the United States, unless the plaintiff's complaint, bill or declaration shows it to be a case of that character. 'If it does not appear at the outset,' this court has quite recently said, 'that the suit is one of which the Circuit Court at the time its jurisdiction is invoked could properly take cognizance, the suit must be dismissed.'"

That there is a difference in the removal of cases depending upon diversity of citizenship and those depending upon the fact that they arise under a law of the United States is clearly shown in the opinion of Mr. Chief Justice Fuller in Texas & Pacific Railway Co. v. Cody, 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132, where it is stated that:

"If recovery directly depends upon a right claimed under the Constitution, laws or treaties, plaintiff's statement of his case must necessarily disclose the fact, and if the action is brought in the state court, defendant can remove it. If, however, plaintiff asserts no such right, and defendant puts his defense on the possession of such right, or its denial to plaintiff, though essential to his recovery, then defendant is remitted to his writ of error from this court to the state court to test the federal questions thus raised."

And:

"It is obvious that in the instance of diverse citizenship a different question is presented. Plaintiff may run his own risk in respect of the cause of action on which he proceeds, but he cannot cut off defendant's constitutional right as a citizen of a different state than the plaintiff, to choose a federal forum, by omitting to aver, or mistakenly, or falsely, stating, the citizenship of the parties."

As has been already stated, plaintiffs in this case do not assert any right under the Constitution, laws, or treaties of the United States. They are content, if permitted, to prove their case by showing a demand for cars, failure to get them, and the loss sustained to them thereby. In this they will depend upon their rights under the common law. If the fact is that the potatoes were shipped in interstate commerce, as doubtless they were, and that the duty under such circumstances to furnish cars was controlled by federal statutes, as doubtless it was, this will be a matter of defense, and, in the view that I take of the law, is not now available for removal purposes.

It seems to me necessarily to follow that the motion to remand should be, and it is, granted.