# OREGON SHORT LINE AND UTAH NORTHERN RAILWAY COMPANY v. SKOTTOWE.

### ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 147. Argued March 17, 1896. — Decided April 20, 1896.

This case comes within the established rule that on an application for removal from a state to a Federal court, the Federal question or the Federal character of the defendant company must appear from the complaint in the action, in order to justify a removal; and such Federal question or character does not appear in this case.

THIS was an action brought in the circuit court of the State of Oregon for Wasco county by Jane Skottowe, against the Oregon Short Line and Utah Northern Railway Company, for personal injuries alleged to have been caused by the negligence of the defendant company. The complaint was filed on October 31, 1890, and on November 10, 1890, the defendant filed a petition for the removal of the cause from the state court into the Circuit Court of the United States. This petition was denied; to which ruling the defendant excepted.

The case was proceeded in, and trial on the merits in the state court resulted in a verdict and judgment in favor of the plaintiff in the sum of $10,000. To this judgment a writ of error was sued out to the Supreme Court of the State of Oregon, assigning as error, among others, the action of the trial court in denying the defendant's petition for the removal of the cause into the Circuit Court of the United States.

The Supreme Court of the State affirmed the judgment of the trial court, and a writ of error was allowed to this court.

*Mr. John M. Thurston* for plaintiff in error. *Mr. John F. Dillon* was on his brief.

The complaint alleges " that the defendant is a corporation duly organized, existing and doing business in the State of Oregon, and as such corporation is and was, at all the times

and dates hereinafter mentioned, and long prior thereto, in the operation of a line of railroad. running from Portland, Oregon, to The Dalles and Pendleton, Oregon, and other places far east, generally known as the Oregon Railway and Navigation Company's line of road, and in connection therewith and incident thereto has been for such time and now is in the possession of and operating a line of boats running from The Dalles, Oregon, to Portland, Oregon, together with all the bridges, wharf boats, ways, etc., used in getting to and from the landings of the aforesaid line of boats, and had been and was and still is carrying passengers thereon as a common carrier for hire."

It will be noticed that the character of the incorporation is not specifically stated, nor is any reference made to its articles or place of incorporation ; and it will doubtless be contended that the plaintiff in her complaint did not allege or tender the corporate character or charter powers of the Oregon Short Line and Utah Northern Railway Company.    We insist, however, that a bill of complaint which alleges that the defendant is an incorporated company, tenders, without any further or additional allegation, the charter or articles of incorporation of the corporation, including all those statutes and grants of power under and by virtue of which it acquired the right to become a corporation and to exercise corporate powers and privileges.

It must be held that the complaint alleges all those facts which it would be necessary for the plaintiff to prove were each and every allegation of the complaint denied by answer. For the purposes of determining as to whether or not the defendant could remove on the ground that the suit was one arising under the Constitution and laws of the United States (as the petition for removal must be filed on or before the answer day), it must be assumed that the cause of action upon which suit is brought arises upon all the facts which it would be necessary for the plaintiff to prove to maintain her cause of action, and among the most important of those facts are the corporate existence, the corporate character, and the corporate powers of the defendant.

The corporate existence of the defendant can only be shown by its charter or articles of incorporation and by reference to the statute or statutes authorizing it to become a corporation. A corporation cannot exist as such except by authority of law. To prove a corporation is to prove the law of its creation, and an allegation of corporate existence and capacity is an allegation of its charter and the law of its charter. No cause of action can be proven against an alleged corporation until the corporate existence, the corporate powers and the corporate duties are first proven; and therefore in every petition or complaint filed against an alleged incorporated company, its articles of incorporation and the law of its existence are necessarily tendered as a part of the issue, and whatever cause of action is set up against the defendant is a cause of action arising under whatever law authorized the formation of the corporation, defined its powers, and prescribed its obligations. All this is important, because it will be contended upon the other side that the complaint filed in the state court does not disclose a cause of action arising under any law of the United States, and therefore under the decision of this court in *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454, and in *Chappell* v. *Waterworth*, 155 U. S. 102, the cause was not removable under the act of August 13, 1888.

It seems to us that the case at bar is clearly distinguishable from those above cited. It is well settled that the Circuit Court of the United States has jurisdiction of a suit against a corporation created by or exercising powers and franchises derived from the statutes of the United States, and therefore the plaintiff can invoke the jurisdiction of the Federal court by alleging that the defendant is a corporation created under a law of the United States; as no liability can be established against such a corporation without involving a consideration and determination as to the powers conferred and corresponding obligations and duties imposed by the Federal act. An alleged cause of action which would entitle the plaintiff to bring his suit in the Circuit Court of the United States would be such a one as the defendant could remove to the Circuit Court of the United States. Can it be contended that a plain-

tiff may bring a cause of action and establish a liability against an alleged corporation, defendant, without submitting to the court a consideration of the charter powers and duties of such defendant? If so, then it is optional with the plaintiff, not only to choose for himself a tribunal, national or state, but to choose also for the corporation, defendant. If every cause of action against a corporation created under Federal enactment involves the consideration of its Federal powers, is it possible that the plaintiff's cause of action against it does not arise under the laws of the United States, because the plaintiff elects to allege that the defendant is an incorporation, without alleging the character of such incorporation, or the laws under which it acquired the right to be a corporation?

*Mr. Alfred S. Bennett* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

In the complaint the defendant was described as "a corporation duly organized, existing and doing business in the State of Oregon." The accident which caused plaintiff's injuries was alleged to have taken place at The Dalles on the Columbia River, and within the State of Oregon.

In the removal petition the defendant was alleged to be a consolidated company, composed of several railway corporations severally organized and created under the laws of the Territories of Utah and Wyoming and of the State of Nevada, and under an act of Congress, approved August 2, 1882, c. 372, 22 Stat. 185, entitled "An act creating the Oregon Short Line Railway Company, a corporation in the Territories of Utah, Idaho and Wyoming, and for other purposes," and an act of Congress, approved June 20, 1878, c. 352, 20 Stat. 241, making the Utah and Northern Railway Company, a railway corporation in the Territories of Utah, Idaho and Montana.

It was not claimed, either in the petition for removal or in the answer subsequently filed, that the defendant company had any special defence arising under the acts of Congress, which

constituted a Federal question over which the courts of the United States had exclusive jurisdiction; but the contention is that if any of the corporate powers of a railroad company depend upon the legislation of Congress, the right of removal exists.

Congress has frequently conferred upon railway companies, existing under territorial or state laws, additional corporate franchises, rights and privileges, and its right to do so cannot be doubted. Thus it was held, in *California* v. *Pacific Railroad Company*, 127 U. S. 1, 39, that Congress possessed and validly exercised the power to create a system of railroads connecting the East with the Pacific coast, traversing States as well as Territories, and to employ the agency of state as well as Federal corporations.

And it must also be conceded that it was decided in the *Pacific Railroad Removal cases*, 115 U. S. 1, that where corporations created by acts of Congress have become consolidated with state corporations, and where "the whole being, capacities, authority and obligations of companies so consolidated are so based upon, permeated by and enveloped in the acts of Congress that it is impracticable, so far as the operations and transactions of the companies are concerned, to disentangle their qualities and capacities which have their source and foundation in these acts from those which are derived from state or territorial authority," that suits by and against such corporations are "suits arising under the laws of the United States," and removable as such from state courts into Circuit Courts of the United States.

Even if the acts of Congress of June 20, 1878, and August 2, 1882, so far conferred substantial rights and privileges upon the territorial and state corporations, consolidated as the Oregon Short Line and Utah Northern Railway Company, as to bring that company within the doctrine of the *Pacific Railroad Removal cases*, yet we think that the present case comes within the rule that the Federal question, or the Federal character of the defendant company, must appear from the complaint in the action in order to justify a removal, and that such Federal question or character does not so appear.

There is no propriety in further considering that rule, because the reasons of it were fully set forth in the case of *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454, and again in the very recent cases of *Chappell* .v. *Waterworth*, 155 U. S. 102; *East Lake Land Co.* v. *Brown*, 155 U. S. 488; and *Postal Tel. Cable Co.* v. *Alabama*, 155 U. S. 482.

The conclusion reached in those cases may be briefly stated thus: Under the acts of March 3, 1887, c. 373, 24 Stat. 552, and August 13, 1888, c. 866, 25 Stat. 433, a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

The counsel for the plaintiff in error do not seek, as we understand them, to obtain a reconsideration of this question, but they advance an ingenious argument to distinguish the present from those cases. It is claimed that when a bill of complaint or declaration alleges that the defendant is an incorporated company it thereby tenders, or implicitly alleges, the charter or articles of incorporation of the corporation, including all these statutes and grants of power under and by virtue of which it acquired the right to become a corporation and to exercise corporate powers and privileges. In the words of the plaintiff's brief: "It must be held that the complaint alleges all these facts which it would be necessary for the plaintiff to prove were each and every allegation of the complaint denied by answer. For the purposes of determining as to whether or not the defendant could remove on the ground that the suit was one arising under the Constitution and laws of the United States (as the petition for removal must be filed on or before the answer day), it must be assumed that the cause of action upon which the suit is brought arises upon all the facts which it would be necessary for the plaintiff to prove to maintain his cause of action, and among the most

important of those facts are the corporate existence, the corporate character, and the corporate powers of the defendant company."

Applying these propositions to the case in hand, it is contended that, when the plaintiff alleged in her complaint that "the defendant is a corporation duly organized, existing and doing business in the State of Oregon, and as such corporation is and was, at all the times and dates hereinafter mentioned and long prior thereto, in the operation of a railroad running from Portland, Oregon, to The Dalles and Pendleton, Oregon, and other places further east, generally known as the Oregon Railway and Navigation Company's line of road, and in connection therewith and incident thereto has been for such time and now is in the possession of and operating a line of boats running from The Dalles, Oregon, to Portland, Oregon, together with all the bridges, wharf boats, ways, etc., used in getting to and from the landings of the aforesaid line of boats, and had been and was and still is carrying passengers for hire thereon as a common carrier for hire," she must be deemed to have thus alleged, and brought to the knowledge of the court, the entire legal history of the defendant company, its various component parts, with their several acts of incorporation, and particularly the two acts of Congress before referred to, and that, with this information thus spread before it, the court was obliged to perceive that the defendant company was within the rule laid down in the *Pacific Removal cases*, and entitled to remove the case into the Circuit Court of the United States.

We think the unsoundness of the proposition relied on by the plaintiff in error may be sufficiently shown by the very test which its counsel suggest, namely, what facts would it be necessary for the plaintiff to prove to maintain her action? Suppose the complaint in the present case to have been traversed by a plea of the general issue, would it have been necessary for the plaintiff to prove any other facts than those alleged? Evidence tending to show that a company, styled the Oregon Short Line and Utah Northern Railway Company was operating and conducting a line of railroad between Port-

land, Oregon, and The Dalles, Oregon, as a common carrier for hire; that the plaintiff, as a passenger for hire, was injured while in the lawful use of such railroad; that the injuries were caused by the defendant's negligence, and the nature and extent of the injuries, thus caused, would, if believed by the jury, have clearly sustained the material allegations of the complaint. To justify a recovery in such a case it would not be necessary for the plaintiff to allege or to prove the extent and nature of the defendant's corporate powers. The defendant's liability did not arise out of its grants of rights and privileges from the several Territories or from the United States. It grew out of its negligence and misconduct in the management of a railroad in the State of Oregon, into which State, it is not pretended, that it entered by reason of anything contained in any act of Congress.

It is urged that, as the plaintiff alleged that the defendant was "a corporation duly organized, existing and doing business in the State of Oregon," there would have been a fatal failure in the proof if no evidence was adduced to show the nature and character of the plaintiff's charter. We do not think so. As already said, those allegations were sufficiently sustained by evidence of the defendant's actual operation and management of the railroad. Whether the defendant was a corporation *de jure* or *de facto* was, in a case like the present, of no importance. If the plaintiff had actually undertaken to show the true character and extent of the defendant's corporate powers as a lawfully organized company and had failed to show such an organization, such failure would not have defeated her recovery if her other allegations had been made good.

But even if the court was obliged, under the allegations of the plaintiff's complaint, to take judicial notice of the defendant company's charter, no act of Congress was pointed out under which it was acting when operating the railroad in the State of Oregon. So far as appears, the defendant company existed and was doing business in the State of Oregon solely under the authority of that State, whether express or permissive. The two acts of Congress referred to do not disclose any in-

tention on the part of Congress to confer powers or right to be exercised outside of the Territories named therein.

The Supreme Court of Oregon committed no error in affirming the action of the trial court, denying the petition for removal, and its judgment is

*Affirmed.*