CLARK v. SOUTHERN PAC. CO.

(Circuit Court, W. D. Texas, El Paso Division. December 20, 1909.)

No. 500.

1. COURTS (§ 307*)—FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP— "CITIZEN OF A STATE."

A citizen of a territory is not a "citizen of a state," so as to confer federal jurisdiction on the ground of diverse citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 853; Dec. Dig. § 307.*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174, vol. 8, pp. 7602, 7603.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. REMOVAL OF CAUSES (§ 19*)—GROUNDS—LAW OF UNITED STATES.

To authorize removal of a cause as arising under a law of the United States, it must appear that the suit actually arises under a federal statute; that plaintiff's statement of his own claim discloses that it is one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so arising; and that the suit is one of which the Circuit Court has original jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 19.*

Jurisdiction of actions involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. & S. Mining Co., 35 C. C. A. 7.]

**3.** COURTS (§ 284*)—FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

An action against an interstate railroad company for injuries to a brakeman because of alleged defective appliances, occurring in a territory of the United States, is one necessarily arising under a law of the United States, namely, the federal employer's liability act (Act Cong. April 22, 1908, c. 149, § 2, 35 Stat. 65, 66 [U. S. Comp. St. Supp. 1909, p. 1172]), making common carriers by railroad within territories liable for injuries to employés as therein stated.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 284.*]

**4.** COURTS (§ 299*)—FEDERAL COURTS—EMPLOYERS' LIABILITY ACT—PETITION.

Where a petition in an action against an interstate carrier for injuries to a brakeman in one of the territories of the United States alleged injury to plaintiff by the negligence of a carrier while plaintiff was in the performance of his duty, it sufficiently showed that the action was based on the federal employer's liability act (Act Cong. April 22, 1908, c. 149, § 2, 35 Stat. 65, 66 [U. S. Comp. St. Supp. 1909, p. 1172]), though it did not so allege in terms.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

**5.** COURTS (§ 284*)—FEDERAL COURTS—JURISDICTION—LAW OF UNITED STATES.

Where an action for injuries to a servant arose solely on the federal employer's liability act (Act Cong. April 22, 1908, c. 149, § 2, 35 Stat. 65, 66 [U. S. Comp. St. Supp. 1909, p. 1172]), the federal Circuit Court had original jurisdiction without reference to the citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 284.*]

**6.** REMOVAL OF CAUSES (§ 12*)—RESIDENCE OF PARTIES.

Where a suit could not be brought in the Circuit Court of the district because neither plaintiff nor defendant were citizens of the state, or resident in the district, it could not generally be removed to the federal court of that district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

**7.** COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—PARTIES—SUBJECT-MATTER.

Where a federal court has general jurisdiction of the subject of an action, it may be brought in any district by consent of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

**8.** REMOVAL OF CAUSES (§ 12*)—JURISDICTION—CONSENT OF PARTIES.

Where a suit was originally instituted in the state court, and neither plaintiff nor defendant were residents of the state, or of the federal judicial district, the consent of both parties was a prerequisite to complete jurisdiction on removal of the cause to the federal Circuit Court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

**9.** REMOVAL OF CAUSES (§ 12*)—FEDERAL COURTS—JURISDICTION OF PERSON—WAIVER.

Where defendant on being sued in the state court filed a petition for the removal of the cause to the Circuit Court of the United States for the local district, after which plaintiff obtained a commission to take depositions in the federal Circuit Court, both parties thereby waived a plea

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of privilege, and could not object to the court's jurisdiction over their respective persons, and this notwithstanding Gen. Laws Tex. 1907, p. 249, § 1, amending Rev. St. Tex. art. 1194b, providing that process for the taking of depositions shall not waive a plea of privilege; such statute not being binding on the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

Action by James L. Clark against the Southern Pacific Company. On motion to remand. Denied.

The question to be determined arises upon a motion to remand the cause to the state court. Suit was originally instituted by the plaintiff in the district court of El Paso county, Tex., and removed to this court by the defendant. The purpose of the suit is to recover damages of the defendant, in excess of $2,000, for injuries alleged to have been sustained by the plaintiff in the territory of Arizona on or about June 13, 1909, while engaged in the performance of his duties as brakeman on a freight train. Briefly stated, it is alleged by the plaintiff in his original petition, filed in the state court, that his injuries resulted from the use of defective appliances by the plaintiff without fault or negligence on his part.' In connection with the pleadings the following stipulation was entered into by counsel of the respective parties: "For the purpose of correcting the record in the above-styled cause, we, the attorneys for plaintiff and defendant, hereby agree to the following facts:· (1) That the plaintiff, James L. Clark, at the time of the filing of the above-styled and numbered suit and continuing up to the present time, was and is · a citizen of the town of Yuma, territory of Arizona. (2) That the defendant, the Southern Pacific Company, is a corporation duly and legally incorporated under the laws of the state of Kentucky, and is a citizen of said state. (3) That plaintiff met with his accident at or near a station on defendant's line of railroad known as Ligurta, territory of Arizona., (4) It is further agreed that the cause of action of plaintiff against defendant, if any he has, is based upon the act of Congress known as the Employers' Liability Act of 1908." A copy of the record was filed in this court September 18, 1909. On the 20th of September interrogatories were propounded and a commission issued to take the testimony of witnesses, and on. October 14th the depositions were returned and filed in this court. The following notice, given by the plaintiff to the defendant, was attached to the interrogatories: "In the United States Circuit Court in and for the Western District of Texas at El Paso, Texas; October Term, 1909. James L. Clark v. Southern Pacific Company. No. 500. To the defendant, the Southern Pacific Company, or Messrs. Beall, Kemp & Ward, its attorneys of record. You, and each of you, are hereby notified that five (5) days after service hereof, we will apply to the clerk of the United States Circuit Court for the Western District of Texas at El Paso, Texas, for a commission to take the deposition of (here follow the names of certain witnesses) whose answers to the attached interrogatories will be used by plaintiff as evidence on the trial of the above-styled and numbered cause." After the interrogatories were filed an agreement was entered into by the parties, waiving service of notice, etc., in the following language: "We, the attorneys for defendant in the above-styled and numbered cause, hereby waive time, notice, service and copy, and agree that a commission may issue on the foregoing direct and attached cross-interrogatories without any further notice or filing. We also agree that, in the event this case is remanded to the state court, this deposition may be used." The session of the court began October 4th and on the following day the plaintiff filed a motion to remand the cause to the state court as follows: "Comes now plaintiff in the above-styled and numbered cause, and asks that the court remand this cause to the district court of El Paso county, Texas, for the following reasons, and each of them, to wit: First. Because this court is without jurisdiction to try the issues set up in the pleading. Second. Because neither of the said parties is a citizen of the city and county of El Paso, and state of Texas, and the Western district of Texas. Third. Because the pleading of plaintiff filed in the district court of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

El Paso county, Texas, on which the application for removal was based, sets up a common-law action, and does not plead or rely upon the federal employer's liability act. Fourth. Because the honorable district judge, who granted the order to remove same, erred in allowing said case to be removed to this court."

Patterson & Wallace, for plaintiff.
Beall, Kemp & Ward, for defendant.

MAXEY, District Judge (after stating the facts as above). As the plaintiff is a citizen of the territory of Arizona, it is evident that the suit cannot be removed on the ground of diverse citizenship. A citizen of a territory is not a citizen of a state, and to confer jurisdiction upon the courts of the United States, the diversity of citizenship must exist between citizens of different states. Cameron v. Hodges, 127 U. S. 325, 8 Sup. Ct. 1154, 32 L. Ed. 132; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Hepburn v. Ellzey, 2 Cranch, 445, 2 L. Ed. 332; New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44. The removability of the suit will therefore depend upon the second ground relied on by the defendant, in its petition for removal, to wit, that the plaintiff's cause of action arises under the provisions of the act of Congress known as the employer's liability act. Neither a constitutional question nor one requiring the interpretation of treaty provisions is here involved, and removal is sought on the ground that the suit arises under a law of the United States. To authorize removal in such a case, it must appear (1) that the suit actually arises under a federal statute, (2) that the plaintiff's statement of his own claim discloses that it is one so arising, and (3) that the suit is one of which the Circuit Court has original jurisdiction. See, generally, Tennessee v. Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Minnesota v. Northern Securities Company, 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Railroad Company v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Railway v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048; Railroad Company v. Mottley, 211 U. S. 149, 29 Sup. Ct. 42, 53 L. Ed. 126; In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873; In re Dunn, 212 U. S. 374, 29 Sup. Ct. 299, 53 L. Ed. 558.

1. Does the suit arise under a law of the United States? The cause of action is based upon the second section of the act of Congress entitled, "An act relating to the liability of common carriers by railroad to their employees in certain cases," approved April 22, 1908, c. 149, 35 Stat. 65, 66 (U. S. Comp. St. Supp. 1909, p. 1171). The section reads as follows:

"That every common carrier by railroad in the territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such car-

rier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

That the suit directly arises under the act of Congress was ruled by this court in the recent case of Cound v. Railway Company, 173 Fed. 527; and it is deemed unnecessary to pursue the argument further except to say, in the language of Mr. Justice Bradley, referring to causes by or against federal corporations, that the suit "is pervaded from its origin to its close by United States law and United States authority." Provident Savings Society v. Ford, 114 U. S. 642, 5 Sup. Ct. 1108, 29 L. Ed. 261.

2. Does the petition of the plaintiff disclose that the suit is one arising under federal law? The Cound Case responds affirmatively also to the question thus propounded. In that case the following language was employed:

"This court therefore having jurisdiction of the cause as one arising under a law of the United States, it is quite immaterial whether the plaintiff declare in his petition expressly upon the act, as in the present case he did in his original petition, or whether the pleadings be silent touching jurisdictional averments. If the case arise, as did the case before the court, under the second section of the employer's liability act—that is, if an employé of a carrier by railroad suffer personal injury from the negligence of the latter while employed in the performance of his duty, and such injury result from an accident, occurring in the territories—appropriate allegations of such facts are alone sufficient to confer jurisdiction of the case upon a United States court, without specially pleading the act or without referring to its provisions. This result follows necessarily, since, in the case supposed, the suit is founded upon a law of the United States, which it is the duty of federal courts to take notice of and to enforce. See Voelker v. Railway Company [C. C.] 116 Fed. 867; Thornton, Employer's Liability and Safety Appliance Acts, §§ 104 and 107."

See, also, Railway Company v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132. Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; In re Dunn, supra.

3. Is the suit one of which the Circuit Court has original jurisdiction? We have seen that there is an absence of diverse state citizenship, and hence jurisdiction cannot be based upon that ground. It is, however, equally clear that the court has general original jurisdiction of the cause on the ground that it arises under a law of the United States, since in such cases jurisdiction attaches without reference to the citizenship of the parties. Doolan v. Carr, 125 U. S. 618, 8 Sup. Ct. 1228, 31 L. Ed. 844; Bachrack v. Norton, 132 U. S. 337, 10 Sup. Ct. 106, 33 L. Ed. 377; Simkins, Suit in Equity, p. 103; 2 Bates, Fed. Proc. at Law, § 668, citing numerous authorities. But, conceding the correctness of the principle, the plaintiff insists that, as neither he nor the defendant is a citizen of Texas nor a resident of this judicial district, suit could not be brought in the circuit court of this district, and that, not being maintainable here originally, it cannot be removed. Generally speaking, the proposition thus announced is sound law. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904. But it is subject to the qualification that where the parties have waived the privilege of being sued in their own district, the jurisdiction over

the person attaches, and that upon the principle that where a court has general jurisdiction of a suit it may be brought in any district by consent of the parties. In re Moore, supra; Loan Company v. Mining Company, 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse, 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984; Railway Company v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Construction Company v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401. And it seems also to have been decided that, inasmuch as a suitor has the right to select his own forum, the consent of both parties is a prerequisite to complete jurisdiction upon the removal of such a cause. In re Moore, supra; Foulk v. Gray (C. C.) 120 Fed. 156.

The question remains, Have the parties waived the privilege to which they were entitled? That the defendant has done so, by filing its petition for removal, cannot be doubted. It was said by Mr. Justice Brewer, in the case of In re Moore, 209 U. S., at page 496, 28 Sup. Ct., at page 587 (52 L. Ed. 904):

"That the defendant consented to accept the jurisdiction of the United States court is obvious. It filed a petition for removal from the state to the United States court. No clearer expression of its acceptance of the jurisdiction of the latter could be had."

What is the attitude of the plaintiff? After a copy of the record was filed in this court he propounded interrogatories to witnesses, obtained a commission to take their testimony, and served a written notice upon the defendant that the depositions would be used in this court upon the trial of the cause. It was only after he had thus availed himself of the process of the court and impliedly consented to its jurisdiction that a motion was filed to remand the cause to the state court. But, notwithstanding his voluntary submission to the jurisdiction of the court in the manner stated, the plaintiff contends that he did not thereby waive his plea of privilege; and in support of this contention reliance is placed upon the act of the Legislature of this state, approved April 18, 1907. Gen. Laws Tex. 1907, p. 249, c. 133. Section 1 of the act, amending the Revised Statutes of 1895 of the state by adding article 1194b, provides as follows:

"Issuing process for witnesses and taking depositions shall not constitute a waiver of such plea of privilege, but depositions taken in such case may be read in evidence in any subsequent suit between the same parties concerning the same subject-matter in like manner as if taken in such subsequent suit, and if such plea of privilege is sustained the cause shall not be dismissed but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein, and the cost incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff."

While the act of the Legislature is binding on the state courts, it is without application to jurisdictional questions arising in the courts of the United States. Discussing the conformity statute, enacted by the Congress in 1872 (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), in connection with the statutes of Texas regulating the appearance of defendants in certain cases, the following language was used by Mr. Justice Gray in Southern Pacific Company v. Denton:

"Under this act, the Circuit Courts of the United States follow the practice of the courts of the state in regard to the form and order of pleading, including the manner in which objections may be taken to the jurisdiction, and the question whether objections to the jurisdiction and defences on the merits shall be pleaded successively or together. Delaware County v. Diebold, Safe Co., 133 U. S. 473, 488 [10 Sup. Ct. 399, 33 L. Ed. 674]; Roberts v. Lewis, 144 U. S. 653 [12 Sup. Ct. 781, 36 L. Ed. 579]. But the jurisdiction of the Circuit Courts of the United States has been defined and limited by the acts of Congress, and can be neither restricted nor enlarged by the statutes of a state." 146 U. S. 209, 13 Sup. Ct. 47, 36 L. Ed. 942.

See, also, Railway Company v. Pinkney, 149 U. S. 206, 13 Sup. Ct. 859, 37 L. Ed. 699; Loan Company v. Mining Company, 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Marble Company v. Gibson, 213 U. S. 10, 29 Sup. Ct. 324, 53 L. Ed. 675. The contention of the plaintiff is therefore not well taken.

By consent of both parties to the record the court has acquired jurisdiction of the cause, and the motion to remand should be overruled. Ordered accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes