ELVIRA A. NYSTROM, ADMRX. v. LAKE SHORE & M. S. RY.

**Federal Employer's Liability Act does not Extend to Injuries not Contributed to by Carrier's Violation of Statute for Safety of Employes.**

Section 1 of the Federal Employer's Liability act of April 22, 1908, must be construed in connection with Sec. 4 of the act, and under the provisions of that act the relief of the employe from the assumption of the risk of his employment does not extend to any case where injury or death was not contributed to by the violation by the common carrier of some statute enacted for the safety of employes.

[Syllabus by the court.]

ERROR to common pleas court.

*Anderson, Cook, Mathews & Cook,* for plaintiff in error.

*Arrel, Wilson, Harrington & Deford,* for defendant in error.

**NORRIS, P. J.**

Plaintiff in error was plaintiff below, and sued by her petition in the court of common pleas, to recover damages for the alleged wrongful death of the decedent while in the employ of the defendant. She alleges in her petition that the defendant is

26  O.C.C.  Vol. 34

a railroad company engaged in maintaining a line of railroad from the city of Buffalo, N. Y., to the city of Youngstown, Mahoning county, Ohio, passing through the city of Ashtabula, Ashtabula county, Ohio, and engaged in commerce between said places. That the city of Ashtabula has certain repairing shops where railroad cars used in such service were being overhauled. That the decedent on July 7, 1910, was in the employ of defendant as a laborer in said shops; that a certain car used in and about its said commerce was then and there being overhauled preparatory to going out on defendant's railroad. That it became and was the duty of plaintiff's decedent to raise the body of said cars by means of a certain appliance known as a jack; that defendant had caused and permitted said jack to become and remain defective, out of repair and dangerous to the lives and limbs of employes there at work, in that it was broken and worn to such an extent that it would slip and cause the handle thereof to suddenly fly upward and outward, all of which the said company well knew, or by the exercise of ordinary care on its part ought to have known. She further says that while the decedent was using said jack, raising said car, by reason of its defective condition aforesaid, the handle thereof suddenly violently struck the plaintiff's decedent, causing him injuries which resulted in his death.

The negligence charged is: First, in having and using said jack when the same was defective as aforesaid; secondly in failing and neglecting to keep said jack in proper repair as aforesaid. It is nowhere alleged in the petition that plaintiff's decedent did not have knowledge of the defective condition of said jack at the time he used the same, nor is it alleged that he did not have equal means of knowing of its defective condition at the time.

The court of common pleas sustained a demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action. Plaintiff not desiring to plead further, the petition was dismissed and judgment rendered in favor of the defendant. The action of the court in thus sustaining the demurrer is the error assigned by the plaintiff in error; and the question is, was it necessary for the plaintiff to

Nystrom v. Railway.

allege want of knowledge or means of knowledge on the part of the decedent in order to relieve him from the assumption of risk in using the defective jack?

It seems to be conceded by counsel in their briefs that the case is controlled by the Federal Employer's Liability act of April 22, 1908. We think the case is controlled by that act; we think the petition clearly states the case coming within the purview of the federal act. It was not necessary to refer to the act in the petition. *Smith* v. *Railway,* 175 Fed. Rep. 506; *Clark* v. *Railway,* 175 Fed. Rep. 122, and that such act is exclusive in all cases coming within its provisions was held in *Mondou* v. *Railway,* 223 U. S. 1 [38 L. R. A. (N. S.) 44; 56 L. Ed. 327]. Speaking of the federal act, one paragraph of the syllabus is: "These regulations have superseded the laws of the several states insofar as the latter cover the same field."

The plaintiff's decedent was employed in interstate commerce as held in *Johnson* v. *Railway,* 178 Fed. Rep. 643 [102 C. C. A. 89]. Plaintiff in error claims the right to recover under the first section of the act wherein it says: "Any common carrier by railroad while engaging in commerce between the states shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce for any injury resulting in whole or in part by reason of any defect due to its negligence in its appliances." But this section must be construed in connection with Sec. 4 of the act, which says: "That in any action brought against any common carrier under and by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employes, such employes shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe." This section seems clearly to define the cases in which the employe shall be relieved of the assumption of the risks of his employment and to limit it to those cases where the carrier has violated some statute enacted for the safety of employes." In all other cases the common law rule is not changed.

Now, we have not been referred to any statute violated by

the defendant in this case in permitting the jack to be and re-
main in the condition charged in the petition.   There being no
such statute it would seem to clearly follow that the common
law rule of assumption of risk must prevail.   If the congress
had intended to relieve employes of such common carriers from
the assumptions of risk in all classes of cases, it could easily
have said so by apt language.   It has seemed fit in this act to
relieve employes from the assumption of risk only in cases
where some statute enacted for their safety has been violated
and courts cannot extend the provisions of the statute.   This
limitation of the statute is sustained in Thornton, Employ.
Liability p. 139, Sec. 85.   It follows, from this, that there was
no error committed by the court of common pleas in sustaining
the demurrer to the petition, and the judgment will be affirmed.

Metcalf and Pollock, JJ., concur.

---

### BUILDINGS—NEGLIGENCE.

[Hamilton (1st) Court of Appeals, January 17, 1914.]

Jones and Jones, JJ.

(Swing, P. J., not sitting.)