## BRONSON v. BOARDS OF SUP'RS OF EMMET AND KOSSUTH COUNTIES, IOWA, et al.

(District Court, N. D. Iowa, C. D.   November 27, 1916.)

1. COURTS ⬧299—FEDERAL COURTS—JURISDICTION.
    Within Judicial Code (Act March 3, 1911, c. 231) § 24, subd. 1, cl. "a," 36 Stat. 1091 (Comp. St. 1913, § 991), giving the District Court jurisdiction of all cases arising under the Constitution or laws of the United States, a suit arises under the Constitution or laws of the United States only when the plaintiff's statement of his cause of action shows that it is based on some provision of the Constitution, or some law of the United States; and, if it does not so appear, it cannot be shown by the answer of defendant, or any subsequent pleading in the case, not even by a petition for removal of the cause from the state to the federal court.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. ⬧299.]

2. COURTS ⬧299—FEDERAL COURTS—JURISDICTION.
    Plaintiff's bill, seeking damages for injuries to his land by reason of the overflow and destruction thereof in the construction of a joint drainage ditch by two counties under Iowa laws, alleged that the damages amounted to $3,000, and that the laws under which the ditch was constructed were invalid under the federal Constitution, because not providing for notice to plaintiff, a landowner, whose property would be injured, but was not included in the district.   *Held* that, as a denial of the damage would be a complete defense, and as the question of the illegality of the laws might not be even raised, the case was not one arising under the federal Constitution or laws, within Judicial Code, § 24, subd. 1, cl. "a," giving the District Courts jurisdiction over such cases; the averment as to the illegality of the Iowa law merely anticipating a defense.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. ⬧ 299.]

3. EQUITY ⬧364—DISMISSAL—LACK OF JURISDICTION.
    Where a bill in the federal courts shows on its face that the court is without jurisdiction, it should be dismissed by the court on its own motion, though the question be not raised by defendant.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 767; Dec. Dig. ⬧364.]

4. COURTS ⬧327—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.
    In a suit for injuries to land by reason of the construction of a drainage ditch, the federal court is without jurisdiction, where damage was less than $3,000; and, if, upon final hearing, that fact appears, suit must be dismissed.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. ⬧327.]

In Equity.   Bill by Hugh Bronson against the Boards of Supervisors of Emmet and Kossuth Counties, in the State of Iowa, and others.   On motion to dismiss the bill for lack of jurisdiction and want of equity. Motion sustained, with leave to amend on proper showing.

Submitted on motion of the defendants to dismiss the bill for lack of jurisdiction and want of equity.   The bill is to recover from the defendants $3,000, as damages to 40 acres of land owned by the plaintiff in Kossuth county, this state, because of the alleged overflow and destruction of said land by the construction of a joint drainage ditch in the counties of Emmet and Kossuth, alleged to have been authorized by the boards of supervisors of said counties in this state acting as drainage boards.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is alleged in the bill with much detail that the General Assembly of the state of Iowa in 1897 enacted a law, and later amended the same, authorizing the boards of supervisors of the several counties in that state to form drainage districts in said counties and adjacent counties, for the purpose of draining the low and wet lands in said districts; that pursuant to said laws the defendant boards of supervisors of Emmet and Kossuth counties, as such drainage boards, in about 1915, established what is known as joint drainage district No. 2 in said counties of Emmet and Kossuth, and let the contract for the construction of the same to the defendant Clyde A. Walb, who commenced the work of constructing the ditches and drains, and will complete said drainage ditch, to the great damage and injury to the plaintiff, unless restrained from so doing by an injunction or order from this court.

It is further alleged that the drainage district so established, and the ditch to be constructed, were wholly unnecessary and not required, as the land included in the district was and is amply well drained of all surface water, inasmuch as there is flowing through said land a stream sufficiently large to carry off all the surplus water from the land therein; that if said drainage ditch is constructed according to the plans provided therefor it will empty the surface water from the land in said district into the Des Moines river at a point about 1½ miles above the point where such surface water now empties into said river; that the plaintiff is the owner of 40 acres of land in Kossuth county not within said drainage district as so established, but if the drainage ditch is constructed as now planned the land of the plaintiff will be subject to overflow, because of the surface water of the land lying within said drainage district being emptied into the Des Moines river at the point mentioned, the land of plaintiff will be subject to overflow or backwater from the Des Moines river, to which plaintiff's land is not now subject, and will be servient to and liable to overflow from the waters of said river, and plaintiff will suffer great and irreparable injury to his land because thereof; that said plaintiff was never notified of the proposed drainage district, or of any of the proceedings relating to the establishment thereof and construction of said ditch; that the laws of Iowa hereinbefore mentioned, purporting to authorize the establishment of such district and construction of said ditch, make no provision for notifying the plaintiff, or any other landowner whose land is not within the proposed drainage district, and whose land would be affected by the construction of said proposed improvement.

It is further alleged that the laws of Iowa under which said drainage ditch is proposed to be constructed are absolutely void and of no effect, because the same were and are in conflict with the provisions of the Constitution of the United States, and particularly the Fifth and Fourteenth Amendments thereto; that said statutes attempt to vest the boards of supervisors, acting as drainage boards, with jurisdiction to change natural water courses and the natural course of drainage, and to render land in one watershed servient to the land in a different watershed from which it had been theretofore exempt, thereby causing said property to be damaged, destroyed, and taken without in any manner providing for compensating the owner therefor, and without due process of law. There are some other averments of the bill alleging the invalidity of the Iowa statute because in conflict with the federal Constitution; but the foregoing abridgment of the allegations of the bill is sufficient to show the alleged grounds of the jurisdiction of this court to entertain this suit.

The prayer is that it be adjudged and decreed that the drainage laws of Iowa, referred to in the bill, are unconstitutional and void, and for other and further equitable relief; that writs of injunction, temporary and permanent, issue against the defendants, enjoining and restraining the construction of said ditch in drainage district No. 2, and for general equitable relief.

Bronson, Donnelly & Sullivan, of Bancroft, Iowa, for plaintiff.

D. M. Kelleher, of Ft. Dodge, Iowa, for defendants, appearing specially to challenge the jurisdiction of the court.

REED, District Judge (after stating the facts as above). The jurisdiction of the court is invoked by plaintiff solely upon the ground that

plaintiff's cause of action "arises under the Constitution or laws of the United States." The first and third grounds of the defendants' motion are the only ones that need be considered, and they challenge the jurisdiction of the court as a federal court upon the ground (1) that plaintiff's suit is not one that arises under the Constitution or laws of the United States; and (3) ·that the amount in controversy is not within the jurisdiction of this court.

[1-3] It is the settled interpretation by the Supreme Court of the words of clause "a" of subdivision 1 of section 24 of the Judicial Code that a suit "arises under the Constitution or laws of the United States" only when the plaintiff's statement of his cause of action shows that it is based upon some provision of the Constitution or some law of the United States; and if it does not so appear from the plaintiff's petition or complaint, it cannot be shown by the answer of the defendant, or any subsequent pleading in the case, even a petition for the removal of a removable cause from the state court to a federal court. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, and cases there cited; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Oregon Short Line, etc., Ry. Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048; Florida Central, etc., Ry. Co. v. Bell, 176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486; Louisville & Nashville Ry. Co. v. Mottley, 211 U. S. 149, 29 Sup. Ct. 42, 53 L. Ed. 126, and cases cited; and In re Winn, 213 U. S. 458, 29 Sup. Ct. 458, 53 L. Ed. 873. In Louisville & Nashville Ry. Co. v. Mottley, above, it is said:

"It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do now show that the suit—that is, the plaintiff's original cause of action—arises under· the Constitution" (citing many cases).

In that case the question of jurisdiction was not raised by either of the parties, but the suit was dismissed by the court upon its own motion for want of jurisdiction. In this· case the plaintiff seeks to recover damages to his land (which is not embraced within drainage district No. 2) because by the construction of the ditch in that district it would cause his land outside of the district to be overflowed by the waters of the Des Moines river into which the water from the lands in the district will be emptied. A complete defense to this claim would be a denial that the water of the river ·overflows the plaintiff's land, or that the overflow, if any, was not caused by the construction of the ditch, or defendant might allege some other defense that would not involve the question of the constitutional validity of the Iowa statute authorizing the construction of drainage districts. It is quite obvious that the allegation of the bill that the Iowa drainage law is in conflict with the Constitution of the United States is made in an attempt to evade or to avoid the effect of the cases above cited; and it would be the duty of the court to dismiss the petition for the reasons stated, even if the defendants had not challenged its jurisdiction.

[4] The· third ground of the motion is that the amount in controversy is not within the jurisdiction of the court. The plaintiff alleges

an injury, or damage to 40 acres of land in Kossuth county, this state, that may be overflowed by backwater from the Des Moines river, if the drainage ditch is completed. It is possible that 40 acres of land near that river might be damaged in excess of $3,000 by backwater from the river or overflowed by it; but unless the damage was in excess of that amount the court, of course, would be without jurisdiction to determine this suit. There is no evidence, however, of the value of this land, or the extent of such damage, if any should occur, before the court except the allegations of the bill; but if, upon the final hearing, the damage to the land was not shown to be in excess of that amount, the suit would have to be dismissed for want of jurisdiction.

Plaintiff's counsel have cited some authorities, including Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, and Cohens v. Virginia, 6 Wheat. 279, 5 L. Ed. 257. The cases cited other than these two do not touch the question of jurisdiction as presented in this case, and are therefore inapplicable. In Ex parte Young the jurisdictional question relied upon by the petitioner clearly appeared upon the face of his petitions, which were for writs of habeas corpus and certiorari, to relieve him from a judgment for contempt imposed by the lower court, but his petitions were dismissed. Cohens v. Virginia was a writ of error by defendant to a judgment of a state court wherein he claimed the protection of an act of Congress, which claim was denied, and the judgment of the state court affirmed. Both of these cases are also inapplicable to the question presented here.

The motion to dismiss the bill for want of jurisdiction of this court as a federal court must therefore be and is sustained, because it does not appear from plaintiff's petition that his alleged cause of action arises under the Constitution or any law of the United States, and it is accordingly so ordered, to which order the plaintiff excepts.

Plaintiff's counsel have requested that, if the bill is dismissed, they have leave to amend, and leave is granted them to amend the bill within 30 days, after the filing of this order, if they shall then so elect; but if an amendment is filed the amendment must show with reasonable certainty that the amount in controversy is within the jurisdiction of this court.

It is ordered accordingly.